IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:22-cv-237-MOC-WCM

| | |
|---|---|
| WILSON GUN WORKS AND DESIGN LLC, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| STEVE ALBRO, DIRECTOR OF INDUSTRY OPERATIONS, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) ) ) ) ) |
| Respondent. | ) ) |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(a), Respondent Steve Albro, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives ("Respondent" or "ATF") hereby files this memorandum of law in support of its motion for summary judgment.

I. **INTRODUCTION**

As the holder of a Federal Firearms License ("FFL") since 2017, Petitioner Wilson Gun Works and Design LLC ("Wilson Gun Works") is

1

well versed in the federal laws that govern the sale and transfer of firearms. Nevertheless, Wilson Gun Works purposefully disregarded or was plainly indifferent to its legal obligations when it committed multiple violations of the Gun Control Act, 18 U.S.C. § 921 *et seq*. (the "GCA") in connection with the transfer of two handguns to an unlicensed individual who resides outside of North Carolina. The undisputed facts demonstrate that Wilson Gun Works willfully violated the GCA, and ATF was authorized to revoke its license. Summary judgment should be granted. *See, e.g., Am. Arms Int'l v. Herbert*, 563 F.3d 78 (4th Cir. 2009) (affirming district court's grant of summary judgment to ATF).

## II. BACKGROUND

Reggie Wilson is the owner of Wilson Gun Works, which has an FFL. (Admin. R., Doc. 10-2, at 7, 78).[1] Subject to numerous federal regulations, an FFL allows a company to engage in the sale of firearms. (*Id.* at 10-15). On June 22, 2017, ATF Investigator Kathleen McKeon conducted an FFL qualification inspection of Wilson Gun Works. (*Id.* at

---

[1] Mr. Wilson is a machinist for Meritor in Fletcher, North Carolina, and he sells firearms as a side business. (*Id.* at 74, 78). Mr. Wilson primarily repairs guns and builds custom long-range hunting and target rifles. (*Id.* at 78).

2

16-17). During a qualification inspection, an investigator reviews federal firearms regulations with the applicant. (*Id*. at 12-16). For example, an investigator reviews with the applicant ATF Form 4473, otherwise known as the Firearms Transaction Record, which documents the sale or transfer of firearms. (*Id*. at 13-15, 127-32).

At the conclusion of Wilson Gun Works' qualification inspection on June 22, 2017, Mr. Wilson executed an Acknowledgment of Federal Firearms Regulations. (*Id*. at 15-17, 137-38). This acknowledgement documents the fact that ATF provided Mr. Wilson with an in-depth overview of federal firearms law, including the reporting of multiple handgun sales, the National Instant Criminal Background System ("NICS") requirements, and prohibited sales and deliveries. (*Id*. at 137-38). Following the qualification inspection, ATF issued an FFL to Wilson Gun Works. (*Id*.).

ATF also conducts periodic compliance inspections of holders of FFLs to ensure that they have an accurate inventory of all firearms, and to verify that they have accurate and complete records, including any ATF Forms 4473. (*Id*. at 18-20). In March 2022, ATF Investigator Shawn Cook conducted a compliance inspection of Wilson Gun Works.

3

(*Id.* at 21). During the inspection, Investigator Cook met with Mr. Wilson, and reviewed all ATF Forms 4473 for a 12-month period. (*Id.* at 21-23).

After reviewing these records, Investigator Cook cited Wilson Gun Works with multiple violations of the GCA in connection with the transfer of two handguns on December 30, 2021, to Ashley Wyatt,[2] who is a Florida resident. (*Id.* at 116-17). First, Wilson Gun Works failed to conduct a background check on Ms. Wyatt using the NICS or obtain a NICS alternative permit, in violation of 18 U.S.C. § 922(t)(1) and 27 C.F.R. § 478.102(a). (*Id.* at 117). Second, Wilson Gun Works unlawfully transferred the handguns to a non-FFL holder who resided outside of North Carolina, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.99(a). (*Id.*). Third, Wilson Gun Works did not report that it had sold multiple pistols to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. (*Id.*).

---

[2] Ms. Wyatt is Mr. Wilson's stepdaughter. (*Id.* at 106). The fact that there is a familial relationship between Mr. Wilson and Ms. Wyatt has no legal significance for purposes of the violations at issue.

4

Based upon these violations, on March 17, 2022, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine. (*Id*. at 116-19).[3] The Notice stated that ATF had reason to believe that Wilson Gun Works had willfully violated the GCA, and advised that it had a right to request a hearing. (*Id*.). On March 25, 2022, Wilson Gun Works requested a hearing. (*Id*. at 124).

On July 26, 2022, an administrative hearing was conducted in Asheville, NC. (*Id*. at 5). Wilson Gun Works was represented by counsel. (*Id*. at 7). Investigator Cook testified at the hearing, as did Mr. Wilson. (*Id*. at 10-74, 74-108). Several exhibits were also introduced. (*Id*. at 116-57). Both parties were afforded the opportunity to call witnesses and introduce exhibits, and cross-examine any witnesses called by the other side. (*Id*. at 1-115).

During the hearing, an additional violation was uncovered. Specifically, on cross-examination, Mr. Wilson disclosed for the first time

---

[3] In light of the fact that this violation only became evident at the hearing, ATF did not allege Wilson Gun Works' clear violation of 18 U.S.C. § 922(b)(3), which makes it unlawful for the holder of an FFL to transfer a firearm to a nonlicensee who resides in a different state. This is a felony offense punishable by a term of imprisonment of up to 5 years. 18 U.S.C. § 924(a)(1)(D).

5

that the transfer of the two handguns did not occur at his licensed premises in North Carolina. (*Id.* at 93-97, 107-08). Instead, Mr. Wilson admitted that he personally transported the firearms to Ms. Wyatt in Florida and completed the ATF Form 4473 there. (*Id.*). Because the transfer did not occur in North Carolina at the licensed premises, Wilson Gun Works also violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.100(a). (*Id.*).

Based upon the four violations of the GCA discussed above, on September 27, 2022, ATF issued a Final Notice of Revocation, accompanied by written Findings and Conclusions supporting the decision. (*Id.* at 163-68). ATF concluded that Wilson Gun Works had willfully violated the GCA, and the regulations issued thereunder, and revoked its license in accordance with 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73. (*Id.*).

On November 16, 2022, pursuant to 18 U.S.C. § 923(f)(3), Wilson Gun Works filed a petition in this Court seeking judicial review of ATF's decision. (Doc. 1).[4] Respondent filed an Answer. (Doc. 7).

---

[4] ATF stayed the revocation of Wilson Gun Works' license pending resolution of this action.

The parties thereafter agreed to a schedule for the filing of summary judgment briefs based upon the administrative record, which this Court approved. (Docs. 8, 9).

### III. ARGUMENT

#### A. Legal Framework

The GCA grants the Attorney General authorization to issue licenses to firearms manufacturers, dealers, and importers. 18 U.S.C. § 923(a). Within this authority, the "Attorney General may, after notice and opportunity for hearing, revoke any license issued . . . if the holder of such license has willfully violated any provision of [the Act] or any rule or regulation prescribed by the Attorney General" under the Act. 18 U.S.C. § 923(e); *see also Am. Arms Int'l*, 563 F.3d at 82. This authority has been delegated to ATF. *See* 28 C.F.R. § 0.130. And, "[w]henever the [ATF] Director has reason to believe that a licensee has willfully violated any provision of the [GCA] . . . a notice of revocation of the license . . . may be issued." 27 C.F.R. § 478.73(a). ***A single violation*** of the GCA is sufficient to support the revocation of a license. *See, e.g., Am. Arms Int'l*, 563 F.3d at 86; *DiMartino, et al. v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001), *aff'd DiMartino v. Buckley*, 19 Fed.

7

Appx. 114 (4th Cir. 2001); *see also Appalachian Res. Dev. Corp. v. McCabe,* 387 F.3d 461, 464 (6th Cir. 2004).

The GCA also entitles licensees who receive an ATF license revocation to seek de novo review of the action in federal court. 18 U.S.C. § 923(f)(3) ("The aggrieved party may . . . within sixty days . . . file a petition with the United States district court . . . for a de novo judicial review of such denial or revocation."). Pursuant to the plain language of 18 U.S.C. § 923(f)(3), the focus of the Court's review is whether the agency was "***authorized*** . . . to revoke the license . . . ." 18 U.S.C. § 923(f)(3) (emphasis added); *cf. Johnson v. Am. United Life Ins. Co.,* 716 F.3d 813, 819 (4th Cir. 2013); *see also Sudyam v. U.S. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 847 F. Supp. 2d 146, 156 (D. Me. 2012) ("In general, although the law provides for a *de novo* review, the [GCA] makes it clear that the focus of that review is narrow: whether the Attorney General was 'authorized' to revoke the license.") (citing 18 U.S.C. § 923(f)(3)) (alteration added); *Morgan v. U.S. Dep't of Justice, et al.,* 473 F. Supp. 2d 756, 762 (E.D. Mich. 2007) ("the narrow question whether the Attorney General's decision was authorized . . . 'does not call upon this court to decide whether it would revoke the license

8

in it[]s own judgement, but whether all of the evidence presented is sufficient to justify the Attorney General's revocation of the license'") (citation omitted), *aff'd Morgan v. Fed. Bureau of Alcohol, Tobacco & Firearms*, 509 F.3d 273 (6th Cir. 2007).

Pursuant to Fed. R. Civ. P. 56(a), this Court may grant summary judgment "if no genuine issue of material fact exists about whether [the licensee] willfully violated an applicable statutory or regulatory provision." *Am. Arms Int'l*, 563 F.3d at 82 (quoting *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647 (6th Cir. 2008)). "[A]n administrative record is a duly authenticated record that enjoys a presumption of verity." *Am. Arms Int'l*, 563 F.3d at 86 n.12. "In an appeal of agency action, [t]hat record, unless somehow contradicted, satisfie[s] the [agency's] initial burden of demonstrating the absence of any genuine issue of [material] fact." *Id.* (alterations in original). Where, as here, there is no genuine issue of material fact, the Court can grant summary judgment without conducting an evidentiary hearing. *See In re Revocation of Fed. Firearms License Held by Sullivan*, 431 F. Supp. 2d 574, 578 (E.D.N.C. 2006); *DiMartino*, 129 F. Supp. 2d at 827.

## B. Wilson Gun Works Willfully Violated the GCA

It is undisputed that Wilson Gun Works committed the following violations of the GCA: (1) it failed to conduct a NICS background check or obtain a NICS alternative permit, in violation of 18 U.S.C. § 922(t)(1) and 27 C.F.R. § 478.102(a); (2) it unlawfully transferred two handguns to a non-licensed individual who resided outside of North Carolina, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.99(a); (3) it failed to report the multiple sales or other dispositions of pistols, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a; and (4) it falsely certified that it conducted a transfer of firearms at its licensed premises even though the transfer occurred in Florida, in violation of 18 U.S.C. §§ 923(g)(1)(A) and 27 C.F.R. § 478.100(a).[5]  (Admin. R., Doc. 10-2, at 145, 165-68).

Notwithstanding these clear and undisputed violations, ATF anticipates that Wilson Gun Works will argue that the violations were not "willful" under 18 U.S.C. § 923(e). However, this argument is unsupported by the record and controlling law. The Fourth Circuit has

---

[5] This false certification is particularly egregious because Wilson Gun Works is not licensed to conduct firearms transactions outside of North Carolina.

held that a willful violation of the GCA occurs when a licensee knows of his legal obligations and fails to follow the law, thereby showing plain indifference or purposeful disregard for the requirements of the law. *See Am. Arms Int'l*, 563 F.3d at 83-84; *see also Simpson v. Attorney General*, 913 F.3d 110, 114 (3d Cir. 2019) (joining eight other Circuits, including Fourth Circuit, and holding that a licensee willfully violates the GCA by showing a purposeful disregard or plain indifference to a known legal obligation). The Fourth Circuit has also made clear that an intent to violate the GCA is not necessary to establish a willful violation. *Prino v. Simon*, 606 F.2d 449, 451 (4th Cir. 1979) (willful violation of the GCA does not require a venal motive, intentional wrongdoing, or a showing of malicious intent); *Am. Arms Int'l*, 563 F.3d at 83 ("malice or improper motive is not necessary to establish willfulness").

The record demonstrates that Wilson Gun Works understood its legal obligations, and purposefully disregarded or was plainly indifferent to the law. It is undisputed that Wilson Gun Works underwent a qualification inspection. (Admin. R., Doc. 10-2, at 15-17, 137-38). During the initial qualification inspection, Wilson Gun Works received an in-depth overview of federal firearms laws, including the NICS

11

requirements, the reporting of multiple handgun sales, and prohibited sales and deliveries. (*Id.* at 12-16).

An investigator also reviewed with Mr. Wilson ATF Form 4473, otherwise known as the Firearms Transaction Record, which itself provides instructions on the requirements that govern the transfer of firearms. (*Id.* at 13-15, 127-32). Finally, at the conclusion of the qualification inspection, Mr. Wilson executed an Acknowledgement of Federal Firearms Regulations, which further demonstrates that Wilson Gun Works understood its legal obligations. (*Id.* at 137-38). *See Simpson*, 913 F.3d at 114-15 (holding that violations were "willful" where licensee signed a form acknowledging that he discussed regulatory topics with ATF).

Moreover, it is significant that Mr. Wilson did not disclose that the unlawful transfer of the two handguns occurred in Florida until he was cross-examined by ATF's counsel during the administrative hearing:

> Q: All right. Now as it relates to this transfer involving Ms. Wyatt, did that transfer happen in North Carolina? Did Ms. Wyatt travel to North Carolina and actually pick up those firearms from you?
>
> A: No, sir.
>
> Q: Where did that transaction occur?

12

> A: At her house in South—in Florida

(*Id.* at 93). Importantly, on the ATF Form 4473 that documented this transfer, Mr. Wilson falsely certified that "(3) this entire transaction record has been completed at the licensed business premises." (*Id.* at 145). When asked why he did not disclose to Investigator Cook that the transfer of the handguns occurred in Florida, Mr. Wilson stated, "[h]e didn't ask me." (*Id.* at 105). As Investigator Cook explained, since the enactment of the GCA, it has *never* been legal to transfer a firearm to an unlicensed person who resides out of state. (*Id.* at 71, 108). Mr. Wilson's testimony evidences an attempt to conceal illegal conduct, and further proves Wilson Gun Works' purposeful disregard or indifference to its known legal obligations.

A federal firearms licensee has a duty to be cognizant of the rules and regulations issued by ATF and to follow the law. In an attempt to minimize its conduct, Wilson Gun Works will likely argue that the violations were technical in nature. But they were not. The requirements that Wilson Gun Works violated were designed to "ensure that persons entitled to have guns may have them and that persons not entitled to have guns are denied them. When a firearms

13

dealer cannot account for guns or fails to ensure that guns are sold to authorized persons, the public safety is directly and meaningfully implicated." *RSM, Inc. v. Herbert*, 466 F.3d 316, 324 (4th Cir. 2006).

The Fourth Circuit has made clear that where a licensee understands its legal obligations under the GCA, but fails to abide those obligations, its license can be revoked on the basis that it "willfully" violated the GCA. *Am. Arms Int'l,* 563 F.3d at 82-84. The record demonstrates that Wilson Gun Works understood its legal obligations and purposefully disregarded or was plainly indifferent to the law. ATF was authorized to revoke Wilson Gun Works' license, and summary judgment should be granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Respondent respectfully requests that this Court grant summary judgment in its favor.

Respectfully submitted this 12th day of May, 2023.

>
> **DENA J. KING**
> UNITED STATES ATTORNEY
>
> <u>s/Jonathan D. Letzring</u>
> **JONATHAN D. LETZRING**
> Assistant United States Attorney
> Georgia Bar No. 141651
> Room 233, U.S. Courthouse

        100 Otis Street
        Asheville, North Carolina 28801
        Tel:  (828) 271-4661
        Fax:  (828) 271-4327
        Email:  Jonathan.letzring@usdoj.gov
        *Counsel for Respondent*

Of Counsel:

Keith Cave, Division Counsel
ATF Charlotte Field Division

Jeffrey A. Cohen
Associate Chief Counsel, ATF East Region