UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-237-MOC-WCM

| | |
|---|---|
| WILSON GUN WORKS AND, DESIGN, LLC, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| STEVE ALBRO, *Director of Industry Operations Bureau of Alcohol, Tobacco, Firearms and Explosives, Department of Justice,* | ) **ORDER** ) ) ) ) |
| Respondent. | ) ) |

Wilson Gun Works and Design, LLC ("Wilson Gun Works") brings this petition for judicial review of the administrative decision of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to revoke Wilson Gun Works' license to deal in firearms. (Doc. No. 1). Under 18 U.S.C. § 923(f)(3), a party whose license to deal in firearms is revoked after an administrative hearing may file a petition in United States district court for de novo judicial review. 18 U.S.C. § 923(f)(3). The ATF revoked Petitioner's federal firearms license after finding that Petitioner had willfully violated the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921 et seq.

This matter is before the Court on the ATF's unopposed motion for summary judgment. Because it is undisputed that Petitioner violated the GCA, the motion is granted, and the decision revoking Petitioner's firearms license is affirmed.

    **I.    BACKGROUND**

1

Reggie Wilson is the owner of Wilson Gun Works, which has a Federal Firearms License ("FFL"). (Admin. R., Doc. 10-2, at 7, 78). Mr. Wilson is a machinist for Meritor in Fletcher, North Carolina, and he sells firearms as a side business. (Id. at 74, 78). Mr. Wilson primarily repairs guns and builds custom long-range hunting and target rifles. (Id. at 78).

On June 22, 2017, ATF Investigator Kathleen McKeon conducted an FFL qualification inspection of Wilson Gun Works. (Id. at 16–17). During a qualification inspection, an investigator reviews federal firearms regulations with the applicant. (Id. at 12–16). For example, an investigator reviews with the applicant ATF Form 4473, otherwise known as the Firearms Transaction Record, which documents the sale or transfer of firearms. (Id. at 13–15, 127–32).

At the conclusion of Wilson Gun Works' qualification inspection on June 22, 2017, Mr. Wilson executed an Acknowledgment of Federal Firearms Regulations. (Id. at 15–17, 137–38). This acknowledgement documents that ATF provided Mr. Wilson with an in-depth overview of federal firearms law, including the reporting of multiple handgun sales, the National Instant Criminal Background System ("NICS") requirements, and prohibited sales and deliveries. (Id. at 137–38). Following the qualification inspection, ATF issued an FFL to Wilson Gun Works. (Id.).

ATF also conducts periodic compliance inspections of holders of FFLs to ensure that they have an accurate inventory of all firearms, and to verify that they have accurate and complete records, including any ATF Forms 4473. (Id. at 18–20). In March 2022, ATF Investigator Shawn Cook conducted a compliance inspection of Wilson Gun Works. (Id. at 21). During the inspection, Investigator Cook met with Mr. Wilson, and reviewed all ATF Forms 4473 for a 12-month period. (Id. at 21–23).

After reviewing these records, Investigator Cook cited Wilson Gun Works with multiple violations of the Gun Control Act ("GCA") in connection with the transfer of two handguns on

December 30, 2021, to Mr. Wilson's stepdaughter Ashley Wyatt, a Florida resident. (Id. at 106, 116–17). First, Wilson Gun Works failed to conduct a background check on Ms. Wyatt using the NICS or obtain a NICS alternative permit, in violation of 18 U.S.C. § 922(t)(1) and 27 C.F.R. § 478.102(a). (Id. at 117). Second, Wilson Gun Works unlawfully transferred the handguns to a non-FFL holder who resided outside of North Carolina, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.99(a). (Id.). Third, Wilson Gun Works did not report that it had sold multiple pistols to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. (Id.).

Based on these violations, on March 17, 2022, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine. (Id. at 116–19). The Notice stated that ATF had reason to believe that Wilson Gun Works had willfully violated the GCA and advised that Wilson Gun Works had a right to request a hearing. (Id.). On March 25, 2022, Wilson Gun Works requested a hearing. (Id. at 124).

On July 26, 2022, an administrative hearing was conducted in Asheville, North Carolina. (Id. at 5). Wilson Gun Works was represented by counsel. (Id. at 7). Investigator Cook and Mr. Wilson testified at the hearing. (Id. at 10–74, 74–108). Several exhibits were also introduced. (Id. at 116–57). Both parties were afforded the opportunity to call witnesses and introduce exhibits, and cross-examine any witnesses called by the other side. (Id. at 1–115).

During the hearing, an additional violation was uncovered. Specifically, on cross-examination, Mr. Wilson disclosed for the first time that the transfer of the two handguns did not occur at his licensed premises in North Carolina. (Id. at 93–97, 107–08). Instead, Mr. Wilson admitted that he personally transported the firearms to Ms. Wyatt in Florida and completed the ATF Form 4473 there. (Id.). Because the transfer did not occur in North Carolina at the licensed

premises, Wilson Gun Works also violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.100(a). (Id.).

Based on the four violations of the GCA discussed above, on September 27, 2022, ATF issued a Final Notice of Revocation, accompanied by written Findings and Conclusions supporting the decision. (Id. at 163–68). ATF concluded that Wilson Gun Works had willfully violated the GCA, and the regulations issued thereunder, and revoked its license in accordance with 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73. (Id.).

On November 16, 2022, pursuant to 18 U.S.C. § 923(f)(3), Wilson Gun Works filed a petition in this Court seeking judicial review of ATF's decision. (Doc. No. 1).[1] Respondent filed an Answer. (Doc. 7). The parties thereafter agreed to a schedule for the filing of summary judgment briefs based upon the administrative record, which this Court approved. (Doc. Nos. 8, 9). The Court held a hearing on the motion on July 14, 2023. This matter is ripe for disposition.

## II.     STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), this Court may grant summary judgment "if no genuine issue of material fact exists about whether [the licensee] willfully violated an applicable statutory or regulatory provision." Am. Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009) (quoting Armalite, Inc. v. Lambert, 544 F.3d 644, 647 (6th Cir. 2008)). "[A]n administrative record is a duly authenticated record that enjoys a presumption of verity." Am. Arms Int'l, 563 F.3d at 86 n.12. "In an appeal of agency action, [t]hat record, unless somehow contradicted, satisfie[s] the [agency's] initial burden of demonstrating the absence of any genuine issue of [material] fact." Id. (alterations in original).

---

[1] ATF stayed the revocation of Wilson Gun Works' license pending resolution of this action.

Where, as here, there is no genuine issue of material fact, the Court can grant summary judgment without conducting an evidentiary hearing. See In re Revocation of Fed. Firearms License Held by Sullivan, 431 F. Supp. 2d 574, 578 (E.D.N.C. 2006); DiMartino, 129 F. Supp. 2d at 827.

### III. DISCUSSION

The GCA grants the Attorney General authorization to issue licenses to firearms manufacturers, dealers, and importers. 18 U.S.C. § 923(a). Within this authority, the "Attorney General may, after notice and opportunity for hearing, revoke any license issued . . . if the holder of such license has willfully violated any provision of [the Act] or any rule or regulation prescribed by the Attorney General" under the Act. 18 U.S.C. § 923(e); see also Am. Arms Int'l, 563 F.3d at 82. This authority has been delegated to ATF. See 28 C.F.R. § 0.130. "Whenever the [ATF] Director has reason to believe that a licensee has willfully violated any provision of the [GCA] . . . a notice of revocation of the license . . . may be issued." 27 C.F.R. § 478.73(a). A single violation of the GCA is sufficient to support the revocation of a license. See, e.g., Am. Arms Int'l, 563 F.3d at 86; DiMartino, et al. v. Buckles, 129 F. Supp. 2d 824, 827 (D. Md. 2001), aff'd, DiMartino v. Buckley, 19 Fed. Appx. 114 (4th Cir. 2001); see also Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004).

The GCA entitles licensees who receive an ATF license revocation to seek de novo review of the action in federal court. 18 U.S.C. § 923(f)(3) ("The aggrieved party may . . . within sixty days . . . file a petition with the United States district court . . . for a de novo judicial review of such denial or revocation."). Pursuant to the plain language of 18 U.S.C. § 923(f)(3), the focus of the Court's review is whether the agency was "authorized . . . to revoke the license . . . ." 18 U.S.C. § 923(f)(3) (emphasis added); cf. Johnson v. Am. United Life Ins. Co., 716 F.3d 813, 819

5

(4th Cir. 2013); see also Sudyam v. U.S. Bureau of Alcohol, Tobacco, Firearms, & Explosives, 847 F. Supp. 2d 146, 156 (D. Me. 2012) ("In general, although the law provides for a de novo review, the [GCA] makes it clear that the focus of that review is narrow: whether the Attorney General was 'authorized' to revoke the license.") (citing 18 U.S.C. § 923(f)(3)) (alteration added); Morgan v. U.S. Dep't of Justice, et al., 473 F. Supp. 2d 756, 762 (E.D. Mich. 2007) ("the narrow question whether the Attorney General's decision was authorized . . . 'does not call upon this court to decide whether it would revoke the license in it[]s own judgement, but whether all of the evidence presented is sufficient to justify the Attorney General's revocation of the license'") (citation omitted), aff'd, Morgan v. Fed. Bureau of Alcohol, Tobacco & Firearms, 509 F.3d 273 (6th Cir. 2007).

Respondent has presented evidence showing that it is undisputed that Wilson Gun Works committed the following violations of the GCA: (1) it failed to conduct a NICS background check or obtain a NICS alternative permit, in violation of 18 U.S.C. § 922(t)(1) and 27 C.F.R. § 478.102(a); (2) it unlawfully transferred two handguns to a non-licensed individual who resided outside of North Carolina, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.99(a); (3) it failed to report the multiple sales or other dispositions of pistols, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a; and (4) it falsely certified that it conducted a transfer of firearms at its licensed premises even though the transfer occurred in Florida, in violation of 18 U.S.C. §§ 923(g)(1)(A) and 27 C.F.R. § 478.100(a).[2] (Admin. R., Doc. 10-2, at 145, 165–68).

The Court further finds that these violations were "willful" under 18 U.S.C. § 923(e). The Fourth Circuit has held that a willful violation of the GCA occurs when a licensee knows of his

---

[2] Wilson Gun Works is not licensed to conduct firearms transactions outside of North Carolina.

legal obligations and fails to follow the law, thereby showing plain indifference or purposeful disregard for the requirements of the law. See Am. Arms Int'l, 563 F.3d at 83–84; see also Simpson v. Attorney Gen., 913 F.3d 110, 114 (3d Cir. 2019) (joining eight other Circuits, including Fourth Circuit, and holding that a licensee willfully violates the GCA by showing a purposeful disregard or plain indifference to a known legal obligation). The Fourth Circuit has also made clear that an intent to violate the GCA is not necessary to establish a willful violation. Prino v. Simon, 606 F.2d 449, 451 (4th Cir. 1979) (willful violation of the GCA does not require a venal motive, intentional wrongdoing, or a showing of malicious intent); Am. Arms Int'l, 563 F.3d at 83 ("malice or improper motive is not necessary to establish willfulness").

The record demonstrates that Wilson Gun Works understood its legal obligations, and purposefully disregarded or was plainly indifferent to the law. It is undisputed that Wilson Gun Works underwent a qualification inspection. (Admin. R., Doc. 10-2, at 15–17, 137–38). During the initial qualification inspection, Wilson Gun Works received an in-depth overview of federal firearms laws, including the NICS requirements, the reporting of multiple handgun sales, and prohibited sales and deliveries. (Id. at 12–16).

An investigator also reviewed with Mr. Wilson ATF Form 4473, otherwise known as the Firearms Transaction Record, which itself provides instructions on the requirements that govern the transfer of firearms. (Id. at 13–15, 127–32). Finally, at the conclusion of the qualification inspection, Mr. Wilson executed an Acknowledgement of Federal Firearms Regulations, which further demonstrates that Wilson Gun Works understood its legal obligations. (Id. at 137–38). See Simpson, 913 F.3d at 114–15 (holding that violations were "willful" where a licensee signed a form acknowledging that he discussed regulatory topics with ATF).

Here, the Court finds that no genuine issue of material fact exists as to whether Petitioner

violated the GCA. Thus, under Section 923(f)(3), the ATF was authorized to revoke Petitioner's license.

Finally, the Court notes that Mr. Wilson, who sold firearms as a side business, sold the guns to his own stepdaughter. Nothing in the record indicates that Mr. Wilson's conduct of selling two guns on one occasion to his own stepdaughter affected public safety or hampered the ATF's ability to reduce violent crime, which is of course one of the purposes of the GCA. Of course, the ATF has been delegated the authority to revoke the license of a licensee who has willfully violated any provision of the GCA, even if the revocation seems a heavy-handed punishment in response to the violation at issue. Still, this sort of heavy-handed exercise of revocations, as opposed to warnings or suspensions, foments antipathy for government agencies.

## IV. CONCLUSION

For the reasons stated herein, the Court grants summary judgment to Response, and dismisses the petition.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED** and the petition is **DISMISSED**.

Signed: August 25, 2023

Max O. Cogburn Jr
United States District Judge

8